FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
12/22/2021 2:16 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Christopher Mills

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT

ALFONSO MARTINEZ,

      Plaintiff,

v.

                         Case No.:  D-307-CV-2021-02587

MESILLA VALLEY
PUBLIC HOUSING AUTHORITY,

                                     Beyer, Marci

      Defendant.

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Alfonso Martinez, by and through his counsel Roybal-Mack & Cordova, P.C. (Amelia P. Nelson), pursuant to the New Mexico Rules of Civil Procedure, and statutory and common laws, and for his Complaint for Damages against Defendant Mesilla Valley Public Housing Authority states the following:

## NATURE OF CASE

1.     This case arises from Defendant Mesilla Valley Public Housing Authority's (*hereinafter* "Defendant" or "MVPHA") wrongful termination of Plaintiff Alfonso Martinez's (*hereinafter* "Mr. Martinez") employment.

2.     Mr. Martinez was employed by Defendant for eleven years, and on January 13, 2021, Defendant terminated Mr. Martinez from employment for an alleged "failure to follow COVID-19 health and safety protocols adopted by MVPHA," despite that Mr. Martinez immediately reported a positive COVID-19 test, stayed out of work upon receiving the results, and returned upon receiving negative test results.

3.     This matter is brought under the Families First Coronavirus Response Act, Fair Labor Standards Act, Family and Medical Leave Act, and common law.



EXHIBIT

A

4.      By reason of Defendant's conduct, Mr. Martinez has been damaged in an amount to be determined at trial, and this action seeks actual, compensatory, hedonic, punitive and liquidated damages, interest, and reasonable costs and attorney's fees for the damages suffered.

## PARTIES & JURISDICTION

5.      Plaintiff, Alfonso Martinez, is a resident of the City of Las Cruces, County of Dona Ana, State of New Mexico, and was employed by Defendant at all times material to this complaint.

6.      Defendant, MVPHA, is a municipal housing authority and as such is a state public body with the authority to conduct public services in the State of New Mexico.

7.      Defendant has a primary address of 926 S. San Pedro Street, Las Cruces, New Mexico, 88001.

8.      Defendant provides housing and associated services, along with employing numerous individuals in the City of Las Cruces, County of Dona Ana, State of New Mexico.

9.      The incidents which gave rise to this complaint occurred in the City of Las Cruces, County of Dona Ana, State of New Mexico 2020 and 2021.

10.      This Court has jurisdiction and venue is proper to resolve all disputes between the parties as Mr. Martinez resides in Dona Ana County and MVPHA operates within the County of Dona Ana, State of New Mexico, and the acts and transactions occurred in the State of New Mexico.

## GENERAL FACTS

11.     All previous and following paragraphs are incorporated by reference as if fully set forth herein.

12.     Mr. Martinez worked for Defendant as a Maintenance Mechanic in the Housing Programs department for eleven (11) years.

13.     Defendant hired Mr. Martinez as a Maintenance Mechanic B on January 4, 2010, and he was promoted to Maintenance Mechanic A on April 18, 2011.

14.     The job duties of a Maintenance Mechanic A include making repairs to and keeping in proper condition Housing Authority of the City of Las Cruces (*hereinafter* "HACLC") owned building and structures, and adjusting and maintaining machinery and mechanical equipment including heating, plumbing, and electrical equipment.

15.     Mr. Martinez earned annual merit increases and his performance evaluations were exemplary during his employment.

16.     Defendant's Employee Procedures Manual, effective October 1, 2016, was provided to its employees, including Mr. Martinez, who were required to acknowledge receipt.

17.     The Acknowledgement of MVPHA Employee Manual Procedures ("Acknowledgement") was signed by Mr. Martinez on June 8, 2017.

18.     The Acknowledgement states in pertinent part "I understand that the Procedures supersede in all respects any prior policy manual, work rules and practices, of the Housing Authority." *Id.*

19.     Defendant had a Code of Professional Conduct which required adherence to the purpose and pledge that staff and board members would exercise "diligence, objectivity and honesty in executing professional responsibilities; "and, "promote and encourage the highest level of ethics within the industry."

20.     Mr. Martinez acknowledged receipt of the Code of Professional Conduct on January 5, 2017.

21.     The World Health Organization declared COVID-19 a pandemic on March 11, 2020.

22.     After the COVID-19 pandemic began, Defendant instituted policies, procedures, and provided directives for employees relating to the prevention of the spread of COVID-19 when an employee exhibited symptoms of respiratory illness.

23.     After the start of the COVID-19 pandemic, Mr. Martinez objected to entering the residence of a tenant who had died of COVID-19 during his employment with Defendant.

24.     Following Mr. Martinez' opposition to entering and working in the residence, Mr. Martinez faced hostile, harassing, and retaliatory behavior from Defendant.

25.     On December 16, 2020, Michael Sanchez, Maintenance Foreman employed by the Defendant, issued a verbal counseling to Mr. Martinez alleging "[s]erious violations standards of conduct/and policies, procedures of work rules will result in immediate disciplinary action, up to and including immediate termination of employment" for "[refusing] to do your assigned duties" because Mr. Martinez declined entry into a residence because the "tenant died of covid [sic]"

26.     Declining to enter a residence where a tenant was positive for COVID-19 was pre-approved in a meeting with management following the declaration of the pandemic. This policy was stated to ensure the safety of employees of the Defendant.

27.     On December 17, 2020, Mr. Martinez submitted a rebuttal via email to Defendant which was copied to Lee Montague, Michael Sanchez, Juan Olvera, Lorena Rivera, Maria Licon, and Patty Avalos, advising that he was told employees were not required to enter a unit if the employees feared exposure to the COVID-19 virus in an effort to keep employees safe. However, when Mr. Martinez objected to entering a unit for that reason he was disciplined.

28.     Defendant instituted a "MVPHA Coronavirus Disease Plan." The Plan included pertinent requirements such as requiring employees to "follow the MVPHA call out procedures if not feeling well…" and stating that "[e]mployees who have symptoms of acute respiratory illness… are recommended to stay home and not come to work until they are free of fever… signs of fever, and any other symptoms…"

29.     Defendant's written materials and policies regarding COVID-19 did not require employees to alert Defendant if they had undergone any testing for COVID-19.

30.     Defendant's written materials and policies regarding COVID-19 did not prevent an employee from undergoing testing for COVID-19.

31.     On Sunday, December 27, 2020, Mr. Martinez obtained a COVID-19 test.

32.     Mr. Martinez exhibited no symptoms associated with COVID-19 at that time.

33.     On December 30, 2020, Mr. Martinez received a text message notifying him that the results of his December 27, 2020, COVID-19 test were positive for the virus.

34.     Mr. Martinez notified Defendant immediately of the result, and Defendant then required Mr. Martinez to undergo an additional COVID-19 test on the same date.

35.     The second COVID-19 test, a rapid result test, resulted in a negative finding for the COVID-19 virus in Mr. Martinez and all close contacts who were also employed by Defendant also tested negative on December 30, 2020.

36.     On January 11, 2021, Michael Sanchez issued a written warning to Mr. Martinez for calling in sick on January 4 and 5, 2021, because it was the day after a holiday and Mr. Martinez had not provided a doctor's certification of illness

37.     In the past, when sick leave was taken following a holiday, Mr. Martinez had not been requested or required to provide a doctor's note certifying illness.

38.     On January 13, 2021, Defendant terminated Mr. Martinez's employment citing his failure to follow its COVID-19 standards and alleging having employees with close contact obtain a rapid COVID-19 fast test costing "several hundred dollars."

39.     The Employee Procedures Manual for Mesilla Valley Public Housing Authority, effective August 1, 2018, and revised August 2020 (*hereinafter "*EPM") states it was written to supplement the Employee personnel Policy Manual.

40.     The EPM states it is "essential" for an employee to acquaint themselves with it as "it will make your job easier and will enable you to make an effective contribution to the Housing Authority as a committed member of the team."

41.     The EPM states Defendant has "…the sole discretion to interpret these procedures and make exceptions to them."

42.     The EPM states that regular, full-time employees, such as Mr. Martinez are required to work "at least 40 hours per week." The same paragraph goes on to state "…regular, on-time attendance is required for continued employment."

43.     The EPM further details that any person employed by Defendant must notify their supervisor within 15 minutes of the employee's scheduled reporting time of any illness, that the employee must talk to the supervisor and not leave a voicemail. If the employee is unable to reach their supervisor, the employee is to contact the Defendant's

Deputy Director, the Office Manager, Human Resources Representative, or the Executive
Director, to notify the Defendant of the employee's illness.

44.     The EPM states that no person "will be adversely affected in employment with
MVPHA as a result of bringing a complaint of harassment…" The EPM places the reporting
responsibility for an employee who "feels" they have been subjected to adverse action on the
reporting employee. The next sentence in the EPM states that any employee "…who is found to
have knowingly made a false accusation of harassment or retaliation, may be subject to
appropriate disciplinary action up to and including termination."

45.     Due to Defendant's retaliatory actions and unlawful conduct against Mr. Martinez
during his employment, due to his concerns regarding his health and safety in the workplace, Mr.
Martinez has suffered damages.

46.     Due to Defendant's termination of Mr. Martinez's employment, Mr. Martinez has
lost wages and benefits.

47.     Defendant is liable to Mr. Martinez and Mr. Martinez is entitled to damages in an
amount to be determined at trial.

**COUNT I:**
**VIOLATION OF THE FAMILIES FIRST CORONAVIRUS RESPONSE ACT**
**EMERGENCY FAMILY AND MEDICAL LEAVE EXPANSION ACT**

48.     All previous and following paragraphs are incorporated by reference as if fully set
forth herein.

49.     The Families First Coronavirus Response Act ("FFCRA"), required certain public
employers and private businesses with less than 500 employees to provide employees with paid
sick leave or expanded family and medical leave for specified reasons related to COVID-19.

50.     Generally, the FFCRA provides that employees of covered employers were eligible for two weeks or up to 80 hours of paid sick leave at the employee's regular rate of pay where the employee is unable to work or telework because the employee qualified under six specific qualifications.

51.     All employees of covered employees were eligible for this benefit under the FFCRA.

52.     The FFCRA was effective between April 1, 2020, through December 31, 2020.

53.     On September 11, 2020, the U.S. Department of Labor's Wage and Hour Division ("WHD") announced revisions to regulations that implement the paid sick leave and expanded family and medical leave provisions of the FFCRA.

54.     The revised rule clarified workers' rights and employers' responsibilities under the FFCRA and took effect on September 16, 2020 and was effective through December 31, 2020.

55.     The FFCRA mandates are enforced under existing mechanisms of the federal Family Medical Leave Act and permit a private cause of action, with monetary and liquidated damages.

56.     Defendant was notified of Mr. Martinez's COVID-19 test with a positive result for the virus and were aware of the state and federal laws pertaining to the sick leave Plaintiff was entitled to under such laws.

57.     Defendant violated the FFCRA by actively interfering with Mr. Martinez's employment by terminating him due to the positive COVID-19 test.

58.     Defendant's conduct caused Mr. Martinez exacerbated symptomology, stress, anxiety, and mental anguish and damages including lost wages, benefits, costs, and fees.

59.     Defendant is liable to Mr. Martinez for damages caused by its actions including compensatory damages, liquidated damages, attorneys' fees and expenses, pre-judgment and post-judgment interest, injunctive relief, and reinstatement of Plaintiff's employment.

**COUNT II**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT - 29 U.S.C. § 2612**

60.     All previous and following paragraphs are incorporated by reference as if fully set forth herein.

61.     Pursuant to the Family Medical Leave Act of 1993, 29 U.S.C. 2601 *et seq.* employers are prohibited from discharging or in any other way discriminating or retaliating against any person for exercising or attempting to exercise rights under the FMLA.

62.     The FMLA grants eligible employees the right to a total of 12 workweeks of unpaid, job-protected leave during any 12-month period to care for the employee's serious health condition that make the employee unable to perform the essential functions of his or her job, among other types of covered reasons for leave.

63.     The FMLA makes it illegal for employers to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

64.     The FMLA makes it illegal for employers to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by the FMLA.

65.     Taking leave under FMLA shall not result in the loss of any employment benefit accrued prior to the date on which the leave commenced.

66.     Mr. Martinez called in sick to work due to experiencing symptoms consistent with COVID-19.

67.     Defendant was aware of Mr. Martinez's COVID-19 test which returned in a positive result for the presence of the virus.

68.     Defendant is aware that it is subject to FMLA and its employees have protected rights under FMLA.

69.     Defendant terminated Mr. Martinez's employment citing his failure to provide additional documentation for his illness, after being made aware of the positive COVID-19 test which Mr. Martinez received on December 30, 2020.

70.     There is a clear connection between Defendant's termination of Mr. Martinez's employment and his serious health condition, which by the terms of the Defendant's plans and policies, prevented Mr. Martinez from performing the essential functions of his job.

71.     Defendant knew and showed reckless disregard for its conduct that was prohibited by the statute and failed and refused to comply with the law and had an untenable reasoning to engage in its conduct.

72.     Defendant affirmatively evaded the terms of the FMLA and showed reckless disregard for whether its conduct violated the law.

73.     Defendant's conduct caused Plaintiff exacerbated symptomology, stress, anxiety, and mental anguish and damages including lost wages, benefits, costs, and fees.

74.     Defendant is liable to Mr. Martinez for damages caused and he is entitled to damages including lost wages, compensation, benefits, interest, liquidated damages, and other relief to be proven at trial.

**COUNT III**
**WHISTLEBLOWER VIOLATIONS**

75.     All previous and following paragraphs are incorporated by reference as if fully set forth herein.

76.     Mr. Martinez objected to and did refuse to enter the residence of an individual who died from COVID-19 when told to do so by Defendant. Mr. Martinez had a reasonable belief Defendant requiring him to enter into the residence of a person who recently died from COVID-19 was an improper act and not within his job description.

77.     Defendant retaliated against Mr. Martinez for this objection and refusal to expose himself to a new, dangerous condition, namely the virus commonly known and referred to as COVID-19, as part of his employment.

78.     The improper acts involved violations of state and federal law.

79.     The New Mexico Whistleblower Protection Act prohibits any retaliatory action against a public employee who object or refuse to participate in an improper or unlawful act.

80.     The City of Las Cruces has publicly advocated for limitations and restrictions to the New Mexico Whistleblower Protection Act, as recently as December 2020.

81.     The Mayor of the City of Las Cruces is responsible for appointing two members of the five-member Board of Commissioner which manage the Defendant's operations.

82.     Defendant is a public employer and Mr. Martinez was a public employee.

83.     The City of Las Cruces is the municipality which authorized the creation of the Defendant.

84.     Mr. Martinez suffered adverse action including an oral warning and retaliation for his objections and refusal to participate in the improper acts described above.

85.     Due to Defendant's actions Mr. Martinez suffered injuries and damages, including actual damages, lost wages, lost benefits, and other special damages in an amount to be proven at trial.

### COUNT IV:
### BREACH OF CONTRACT
### OR IN THE ALTERNATIVE, BREACH OF IMPLIED CONTRACT

86.     All previous and following paragraphs are incorporated by reference as if fully set forth herein.

87.     Implied employment contract restricting employer's power to discharge employee is an implied-in-fact contract.

88.     A promise, or offer, that supports an implied contract may be found in written representations such as an employee handbook, in oral representations, in the conduct of the parties, or in a combination of representations and conduct.

89.     When an employer offers to restrict its power to discharge, the employee's assent to the restriction need not be evinced by anything more than commencing or continuing employment.

90.     The EPM demonstrated its intent to restrict its power to discharge in the progressive discipline provisions.

91.     Defendant stated throughout its rule, policies, and procedures contained in written materials which it required employees to sign and acknowledge that employees would only be released from employment due to specific causes, despite stating it was an "at-will" employer.

92.     Mr. Martinez reasonably expected Defendant would follow its policies.

93.     Defendant and Mr. Martinez had an implied contract of employment due to Defendant's representations, writings, oral representations, and the conduct and representations of the Defendant during Mr. Martinez's more than decade of employment.

94.     As a result of Defendant's actions, Mr. Martinez suffered injuries and damages, including actual damages, lost wages, lost benefits, and other special damages in an amount to be proven at trial.

## COUNT V:
## RETALIATORY DISCHARGE

95.     All previous and following paragraphs are incorporated by reference as if fully set forth herein.

96.     Mr. Martinez's conduct, including objecting to subjecting himself to exposure to COVID-19, is protected conduct and in the interest of public policy. This conduct was done primarily in furtherance of the public interest.

97.     Mr. Martinez's whistleblowing conduct, as described above, was a motivating factor in Defendant's termination of his employment.

98.     As a result of Defendant's actions, Defendant's actions Mr. Martinez suffered injuries and damages, including actual damages, lost wages, lost benefits, and other special damages in an amount to be proven at trial.

## RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests the following judgment:

(a)     Finding in favor of Plaintiff on all allegations;

(b)     Declaring that Defendants' conduct violates the laws as set forth herein;

(c)     Awarding all available and appropriate damages including compensatory, consequential, and nominal damages, accumulated interest, past and future lost wages, loss of benefits and other benefits of employment, and other available damages;

(d)     Awarding costs for the suit herein, including Plaintiff's reasonable attorneys' fees, reimbursable costs, and expert and witness fees;

(e)     Awarding just and equitable relief; and

(f)     Awarding all other and further relief that the Court deems just and proper.

Based on the foregoing, Plaintiff Alfonzo Martinez respectfully requests that the Court find in his favor and against Defendant on all claims, award damages and pre and post judgment interest, reimburse for reasonable attorney fees and costs, and for such other and further relief as is fair and just.

Respectfully submitted:

ROYBAL-MACK & CORDOVA, P.C.

 /s/ Amelia P. Nelson   12/22/2021
AMELIA P. NELSON
*Attorneys for Plaintiff*
4901 Chappell Road NE, Suite B
Albuquerque, NM  87107
Telephone: (505) 288-3500
amelia@roybalmacklaw.com

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
12/22/2021 2:16 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Christopher Mills

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT

ALFONSO MARTINEZ,

      Plaintiff,

v.                         Case No.:  D-307-CV-2021-02587

                                             Beyer, Marci
MESILLA VALLEY
PUBLIC HOUSING AUTHORITY,

      Defendant.

## ENTRY OF APPEARANCE

      COMES NOW Roybal-Mack & Cordova, P.C. (Amelia P. Nelson), and hereby enters its

appearance on behalf of Alfonso Martinez, Plaintiff, in the above referenced matter pursuant to

the New Mexico Rules of Civil Procedure.

                            *Respectfully submitted by:*

                            ROYBAL-MACK & CORDOVA, P.C.

                            */s/Amelia P. Nelson*
                            AMELIA P. NELSON
                            *Attorney for Plaintiff*
                            4901 Chappell Rd. NE, Ste B
                            Albuquerque, NM  87107
                            Telephone: (505) 288-3500
                            amelia@roybalmacklaw.com

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
12/22/2021 2:16 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Christopher Mills

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT

ALFONSO MARTINEZ,

      Plaintiff,

v.                        Case No.: D-307-CV-2021-02587

MESILLA VALLEY                     Beyer, Marci
PUBLIC HOUSING AUTHORITY,

      Defendant.

## COURT-ANNEXED ARBITRATION CERTIFICATION

Plaintiff, by and through counsel, Roybal-Mack & Cordova, P.C. (Amelia P. Nelson) and pursuant to Second Judicial District Local Rule 2-603 certifies as follows:

[ ]    This party seeks only a money judgment and the amount sought does not exceed twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs, and attorney's fees.

[X]    This party seeks relief other than a money judgment and/or seeks relief in excess of twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs, and attorney's fee.

*Respectfully Submitted by:*

ROYBAL-MACK & CORDOVA, P.C.

*/s/Amelia P. Nelson*
*Attorney for Plaintiff*
4901 Chappell Rd. NE, Ste B
Albuquerque, NM 87107
Phone: (505) 288-3500
Fax:    (505) 288-3501
amelia@roybalmacklaw.com

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
12/22/2021 2:16 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Christopher Mills

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT

ALFONSO MARTINEZ,

     Plaintiff,

v.                                                        Case No.:   D-307-CV-2021-02587

                                                          Beyer, Marci
MESILLA VALLEY
PUBLIC HOUSING AUTHORITY,

     Defendant.

## JURY DEMAND – SIX PERSON

     **COMES NOW**, Plaintiff Alfonzo Martinez, by his counsel Roybal-Mack & Cordova,

P.C. (Amelia P. Nelson), pursuant to Rule 1-038 NMRA, and files a demand for trial by a jury of

six (6) persons. Plaintiff hereby deposits the sum of $150.00 with the Clerk of the Court.

     **WHEREFORE,** Plaintiff respectfully requests that this case be placed on the jury docket

and assigned a jury of six (6) persons.

                                     *Respectfully Submitted by:*

                                     ROYBAL-MACK & CORDOVA, P.C.

                                     */s/ Amelia P. Nelson*
                                     AMELIA P. NELSON
                                     *Attorney at Law*
                                     4901 Chappell Road NE, Suite B
                                     Albuquerque, NM 87107
                                     Phone: (505) 288-3500
                                     Fax:   (505) 288-3501
                                     amelia@roybalmacklaw.com

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
12/22/2021 3:44 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Christopher Mills

ALFONSO MARTINEZ,

                             Plaintiff,

V.                                                     CaseNo.    D-307-CV-2021-02587

                                                     Judge:

MESILLA VALLEY PUBLIC HOUSING
AUTHORITY,

                              **Marci E. Beyer**

                              Defendant.

## ORDER REQUIRING SCHEDULING REPORTS,
## A DISCOVERY PLAN, EXPERT WITNESS DISCLOSURE,
## AND LIMITING STIPULATIONS TO ENLARGE TIME
## FOR RESPONSIVE PLEADINGS

IT IS SO ORDERED:

A.    Plaintiff shall serve a copy of this order on each defendant with the summons and complaint and file a certificate of such service. Parties other than plaintiffs who assert claims against others who have not been served with this order shall serve a copy of this order on those against whom they assert claims with the pleading asserting such claims and shall file a certificate of such service.

B.    Within sixty (60) calendar days after the initial pleading is filed, parties of record shall file a scheduling report with copies to opposing parties and the assigned judge. Parties shall confer and are encouraged to file a Joint Scheduling Report, LR3-Form 2.12 NMRA for Track A or LR3-Form 2.13 for Tracks B and C, or, if they cannot agree, file an individual Scheduling Report, LR3-Form 2.13 NMRA. *See* copies of forms attached hereto.

C.    Any party who enters an appearance in the case more than sixty (60) calendar days after the filing of the initial pleading shall file a scheduling report within ten (10) business days and deliver a copy to the assigned judge.

D.    If all parties are not of record within sixty (60) calendar days of the filing of the initial pleading, the party making claims against the absent parties *(Plaintiff for Defendants, Third-Party Plaintiffs for Third-Party Defendants, etc.)* shall, within five (5) business days after the sixtieth (60th) day, file and serve parties of record and deliver to the assigned judge, a written explanation why the case is not at issue and how much time is needed before the case will be at issue. The notice shall be titled "Delay in Putting the Matter at Issue."

E.    Counsel or parties who do not have attorneys may not stipulate to an enlargement of time greater than fourteen (14) calendar days for the filing of a responsive pleading without a motion and order. The motion shall state with particularity the reason(s) an enlargement is in the best interests of the parties. A copy of the motion and stipulation shall be delivered to all parties as well as counsel. The enlargement requested shall be for a specified time.

F.    When all parties have been joined and the case is at issue, the parties shall immediately notify in writing the assigned judge and the alternative dispute resolution coordinator.

G.    If appropriate, the court will refer this matter to settlement facilitation under Part VI of the Local Rules of the Third Judicial District Court.

H.    Within seventy-five (75) calendar days from the date the initial pleading is filed, or fifteen (15) calendar days after the parties alert the Court that the case is at issue, the parties shall either:

(I)    stipulate to a discovery plan and file the stipulation with the court, or

(2)    request a hearing to establish a discovery plan pursuant to Paragraph F of Rule 1-026 NMRA.

(3)    In the absence of a stipulated discovery plan or a timely request from a party for a hearing to establish a discovery plan, the following plan shall go into effect:

Within one hundred (I 00) calendar days after the initial pleading was filed or fifteen (15) calendar days after a party has entered the suit, whichever is the later date, each party shall provide to all other parties:

a.    The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed issues raised by the pleadings, identifying the subjects of the information;

    b.    A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed issues raised by the pleadings;

    c.    A computation of any category of damages claimed by the disclosing party, providing copies or making available for inspection and copying the documents or other evidentiary materials and medical records and opinions, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;

    d.    For inspection and copying, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment;

    e.    If the medical condition of a party is at issue, such party shall give a medical release authorization to opposing parties. The parties shall confer regarding the nature and extent of the release and stipulate, if possible. If the parties cannot agree, each party shall file a memorandum with a proposed medical release authorization advocating that party's proposed form to the court. A copy of the memorandum and proposed form shall be delivered to the assigned judge. Rule 1-007.1 NIMRA shall apply.

I.    Pursuant to Rule 1-026(E) NMRA, parties shall reasonably supplement discovery required in Subparagraphs (3)(a) through (e) of Paragraph H of this Order.

J.    Intent to Call Expert Witness - Disclosure. All parties shall exchange a "Notice of Intent to Call Expert Witness(es)" listing the names, addresses and phone numbers for all anticipated experts, including a brief summary of the subject matter of each witness' testimony. If an expert has not yet been identified by a party, the parties must list the specialized area(s) in which an expert is anticipated to be retained and a brief summary of the areas or issues on which the expert is expected to testify.

With respect to each expert listed, all parties are to observe their continuing duty to timely supplement discovery and shall further abide by the requirements of Section 8 of the attachment to the Rule 16(B) Scheduling Order.

_____
DISTRICT COURT JUDGE

Delivered to Plaintiff on December 22, 2021

David S. Borunda
Clerk of the District Court

_____
Deputy – Christopher Mills

LR3-Form 2.12                                              Supreme Court Approved
                                                          August 6, 2004

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRDJUDICIAL DISTRICT COURT

                              Plaintiff

vs.

                                        NO.: D-307-CV
                                        Judge:
                    Defendant

            JOINT SCHEDULING REPORT STIPULATING TO TRACK A

        Come now all the parties to this case, (by their counsel of record) and stipulate as

follows:

  1   The court has subject matter and personal jurisdiction, and venue is proper.

  2   This case is appropriate for assignment to Track A

  3   The parties do not intend to amend the pleadings or file dispositive motions

  4   All parties will be ready for trial *by_____(no more than six (6) months from*

      *filing of complaint)*

  5   Witness lists will be exchanged and filed forty-five (45) days before trial

  6   Discovery limited to interrogatories, requests for production and admission and no more

      than two (2) depositions per party.

  7   All parties and counsel will either (a) select a facilitator by agreement of the parties, or

      (b) request the court's ADR coordinator to select a facilitator and will engage in a

      settlement conference within ninety (90) days from the date of the filing of the complaint.

      The parties may move for enlargement of time for the settlement conference for good

      cause shown The parties shall share the facilitator's fee, if any, equally.

8. Exhibits: exchanged at least fifteen (15) days before trial.

This Gury____   6 ___     12 nonjury ___     ) matter will take_____hours to try.

9. Conflicting court hearings (or other conflicts which show good cause for not setting trial)

for two (2) months following the date the matter is ready for trial:

_____

_____

10. Other: _____

SUBMITTED BY:

Name of party:        _____
Attorney:             _____
Address:              _____
                      _____
Telephone Number      _____


Name of party:        _____
Attorney:             _____
Address:              _____
                      _____
Telephone Number      _____

CERTIFICATE OF MAILING

I HEREBY CERTIFY that I mailed, delivered or faxed a copy to the assigned judge and each
party or each party's attorney on the___   day of _____,20 ___  _

_____
Signature

LR3-Form 2.13. (_____'s) Goint) scheduling report.

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT

                                , Plaintiff


vs.

                                                    NO.: D-307-CV
                                                    Judge:
                                    , Defendant


            (_____'S) (JOINT) SCHEDULING REPORT

1. This case should be assigned to Track_____
2. Jurisdiction and Venue:_____Stipulated;_____Disputed;
       Why:_____
3              NonJury;            6-personjury;_____12-person jury.
4. Significant legal issues, if any:  _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
   _____
5.  Trial witnesses presently known (defendant's, plaintiffs, etc.):  _____
    State expert type:  _____
6. Settlement
       _____[I] [We] have sufficient information to evaluate the case.  ·
       _____[I] [WeJhave provided sufficient information for opposing parties to evaluate
   the case.
       _____[I][We] need the following information from_____to evaluate the
   case: _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
            _____
       _____  [I] [We] need the following discovery to obtain information sufficient to
   evaluate the case:
                                    Explain why such information
   cannot be obtained informally without formal discovery:
   _____
       _____[I] [We] have scheduled a settlement conference on _____,20___  _
   with_____(facilitator) or have requested the court's ADR
   coordinator to refer to facilitation.
                                    Or
       ____   [I] [We] request that this not be referred to facilitation because:
   _____
The possibility of settlement is _ _ good,_____fair,_____poor.

· 7. Discovery:

[I] [We] estimate it will take_____months to complete discovery. *(Attach discovery plan if stipulated, or request for setting a discovery conference if wanted)* If any party requests a discovery conference, answer the following:

The party submitting this scheduling report intends to do the following discovery:
_____

*(If this is a joint scheduling report, each party shall answer this question.)*
[Plaintiff] [Defendant] intends to do the following discovery:

_____
_____

8.   [I] [We] estimate that trial will take    court days to try-

9.   Dates counsel will not be available for trial due to the following conflicting court settings *(beginning with the date immediately following the time you estimate discovery will be completed).*_____

10.  Stipulations:  _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

1 l. Other:

_____


SUBMITTED BY:

Name of party:          _____
Attorney:               _____
Address:                _____
                        _____
Telephone  Number       _____


Name of party:          _____
Attorney:               _____
Address:                _____
                        _____
Telephone  Number       _____


CERTIFICATE  OF MAILING

I HEREBY CERTIFY that I mailed, delivered or faxed a copy to the assigned judge and each party or each party's attorney on the___     day of_____20_____    _

_____
Signature

D-307-CV-2021-02587

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
1/12/2022 3:03 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Adilene M Melendez

## SUMMONS

| | |
|---|---|
| District Court: THIRD JUDICIAL DISTRICT COURT DONA ANA County, New Mexico Court Address: 201 W. Picacho Ave. Las Cruces, NM 88005 Court Telephone Number: 575-523-8200 | Case Number: D-307-CV-2021-02587 Judge: HONORABLE MARCI BEYER |
| Plaintiff(s): ALFONSO MARTINEZ Plaintiff, v. MESILLA VALLEY PUBLIC HOUSING AUTHORITY, Defendants. | Defendant Name: MESILLA VALLEY PUBLIC HOUSING AUTHORITY Address: 926 S. San Pedro St. Las Cruces, NM 88001 |

### TO THE ABOVE-NAMED DEFENDANT(S): Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6. If you need an interpreter, you must ask for one in writing.

7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at _____ Las Cruces _____, New Mexico, this _7_ day of _January_, 20_21_.

CLERK OF COURT  -David S. Borunda

By: _Adilene Melendez_
Deputy
Adilene Melendez

D.C. SEAL
DISTRICT COURT
DONA ANA COUNTY

*Respectfully Submitted by:*

ROYBAL-MACK & CORDOVA, P.C.

/s/ Amelia P. Nelson
AMELIA P. NELSON
*Attorneys for Plaintiff*
4901 Chappell Dr. NE Suite B
Albuquerque , NM 87107
Phone: (505) 288-3500
Fax:    (505) 288-3501
Amelia@roybalmacklaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN

STATE OF NEW MEXICO      }
                             )ss

COUNTY OF _DONA ANA_      }

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _DONA ANA_ county on the _11th_ day of _JANUARY_ , _202_, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

*(check one box and fill in appropriate blanks)*

[ ]    to the defendant_____*(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to_____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant_____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____*(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]    to_____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____*(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at_____*(insert defendant's last known mailing address).*

[X]    to _YVETTE ROSALES_ , an agent authorized to receive service of process for

defendant MESILLA VALLEY HOUSING AUTHORITY

[ ]     to_____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant_____(used when defendant is a minor or an incompetent person).

[ ]     to_____(name of person),_____, (title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).

Fees: _____

_____
Signature of person making service

_____
Title (if any)

Subscribed and sworn to before me this 11th day of Jan , 2022 2

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

STATE OF NEW MEXICO
NOTARY PUBLIC
LYNETTE G. RUIZ
COMMISSION # 1043401
COMMISSION EXPIRES 01/15/2024